Steven M. Heller, #79067
Paige M. Hibbert, #143105
HELLER & HIBBERT, LLP
11335 Gold Express Drive, Suite 145
Gold River, CA 95670
Telephone: (916) 853-0500
Facsimile: (916) 853-0220

Attorneys for Plaintiffs LINDA S. BEATTIE and
BRUCE C. BEATTIE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| LINDA S. BEATTIE and BRUCE C. BEATTIE,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>SOUTHWEST AIRLINES CO, and DOES 1-100,<br><br>　　　　　Defendants. | CASE NO.: S-03-1444 FCD PAN<br><br>**AMENDED DECLARATION OF STEVEN M. HELLER IN SUPPORT OF PLAINTIFFS' F.R.C.P. 16(b) MOTION TO EXTEND THE STATUS (PRETRIAL SCHEDULING) ORDER DISCOVERY CUTOFF AND TO DISCLOSE LAY WITNESSES**<br><br>DATE:　September 23, 2005<br>TIME:　　10:00<br>COURTROOM:　2 |

　　　1.　　I am the attorney of record for plaintiffs in the above-entitled matter.

　　　2.　　I am an attorney at law, duly licensed to practice law in all of the courts of the State of California, as well as the United States District Court, Eastern District of California. I am a member of the firm of Heller & Hibbert, attorneys of record for plaintiffs.

　　　3.　　That immediately after receiving the court's Initial Pre-Trial Scheduling Order on or about November 19, 2003, I contacted and met with my client, plaintiff Linda Beattie, in order to

review the order in general and specifically to talk about identifying and disclosing witnesses to the subject incident. I met with Mrs. Beattie on at least three occasions in this regard while we were in the process of compiling our witness list. During these three meetings and follow-up phone conversations Mrs. Beattie ultimately provided me with the names of 6 witnesses (plaintiff subsequently disclosed a seventh witness whose deposition was taken before the discovery cutoff), as well as what contact information she had for these individuals whom she believed may have witnessed the subject incident or have other potentially pertinent information concerning the accident in question.

4.  That upon receiving this information for Mrs. Beattie, I contacted as many of these witnesses as I could in order to determine if they in fact had witnessed the incident or had other potentially pertinent information. I specifically inquired of all the witnesses I could if they were aware of other witnesses to the accident in question. During the course of these discussions, the only other potential witnesses which were identified were individuals that were already on the list from Mrs. Beattie. Further, at least one of the individuals whose name was provided was not a witness and did not have any information to offer concerning the subject accident.

5.  Based upon my meetings with Mrs. Beattie as well as my meetings and discussions with the witnesses which she had identified, I felt that we had a complete list of witnesses who had observed the subject accident or had information that was pertinent to the happening of the accident.

6.  That I requested that defendant's attorneys provide me with a passenger list or passenger manifest for review in order to determine, among other things, if there were other potential witnesses to this case which Mrs. Beattie and I had missed. I was informed that while a passenger list per se did not exist, the information that Southwest had concerning the other passengers would not be produced in order to protect the privacy of their other passengers.

7.  That on or about June 21, 2005, Mrs. Beattie was contacted by two co-employees Denise Miller and Linda Patton-Finch who informed her that they had just been contacted by representatives for the defendant and asked questions concerning the subject accident. They

2

**Declaration of Steven M. Heller**

relayed this information to Mrs. Beattie because they were unaware that a claim of any sort was being pursued.  As soon as Mrs. Beattie was contacted by these two individuals, she contacted me and stated that Ms. Miller and Ms. Patton-Finch were witnesses to at least some portion of the subject incident.

8. That upon learning of these two potential additional witnesses, I directed an attorney in my office, Sandra Parker-Burns, to contact these individuals and learn if they were in fact witnesses.  Ms. Burns did in fact contact both of them and learned that they had at least some pertinent information concerning the subject accident.  Upon obtaining this information, I informed the attorney for defendant Southwest Airlines that there were two new potential witnesses to the subject accident whose testimony would potentially also be sought at the time of the trial of this matter.

9. That the depositions of Ms. Miller and Ms. Patton-Finch were taken by defendant Southwest Airlines on July 20, 2005.

10. Both of these witnesses have potentially important additional information to be offered in this case and I believe it would be potentially prejudicial to Mrs. Beattie if they are not allowed to testify.

11. That at no time during my discussions with any of the other witnesses nor during the depositions of any of the 7 witnesses were either of these two individuals identified as other potential witnesses to the subject accident.

12. Plaintiffs served their Request for Production of Documents (Set One) on defendant Southwest Airlines on August 18, 2004. (A true and correct copy of plaintiffs' Request for Production of Documents is attached hereto as Exhibit "A")

13. Defendant responded to the request on September 20, 2004.  (A true and correct copy of defendant Southwest Airline Company's Response to Request for Production is attached hereto as Exhibit "B")

14. **Plaintiff's Request (Set One – Number One) provided as follows:**

3

**Declaration of Steven M. Heller**

Any and all written material, training manuals, and other written materials provided to flight attendants, including but not limited to, the proper manners in which luggage is to be stored, placed into and removed from the overhead luggage compartments.

15. **Defendant's Response (Set One – Number One) provided as follows:**

Southwest objects to this request on the grounds that it is vague and ambiguous, overbroad, not reasonably limited in time, and unduly burdensome.  Subject to and without waiving the objections, see attached documents Bates-stamped SW000089-SW000146. Southwest previously produced these documents or documents substantially similar to these documents in its initial disclosure Bates-stamped SW000012-SW000088.  Southwest produces the attached documents due to the poor copy quality of the prior production.

16. The documents produced by Southwest Airlines as Bates-stamp SW000089 – SW000146 consist of portions of a document entitled " Flight Attendant Manual – Revision December 31, 2001".    In addition to text sections identified as "Section 1 - General", "Section 2 – Procedures"  and "Section 3 – Appendix", the production included a Table of Contents which indexed the aforementioned three sections and reflected that each such section was independently (not consecutively) numbered.

17. Subsequent to Defendant's Production, Plaintiff became aware that in addition to the three sections of the Flight Attendant Manual  produced by Defendants, that there were at least two additional sections.  Plaintiff had no reason to believe that Defendant had not produced all of the manual as the Table of Contents produced with Sections 1 through 3 made no reference to any sections other than sections 1 through 3.  Plaintiff only became aware of the fourth and fifth sections when Defendant indicated that it would produce Section 5 of the Flight Attendant Manual relevant to the testimony of their expert Paula Gaudet.  This latter section was to be produced as part of the expert's supplemental disclosure which was served on Plaintiff on April 25, 2005. (A true and correct copy of pertinent portions of Paula Gaudet's Supplemental Expert Witness Disclosure is attached hereto as Exhibit "C").

1  I declare under penalty of perjury that the foregoing is true and correct.  Executed this
2  29th day of August, 2005, at Sacramento, California.

     /s/  Steven M. Heller
     STEVEN M. HELLER

Re: *Beattie v. Southwest Airlines Co., et al.*
U.S. District Court, Eastern District of California Case No. S-03-1444 FDC PAN

## PROOF OF SERVICE

I am a citizen of the United States and a resident of Sacramento County. I am over the age eighteen years and not a party to the within named action; my business address is 11335 Gold Express Drive, Suite 145, Gold River, California 95670.

On August 29, 2005, I served the following document(s) on the parties listed below:

**AMENDED DECLARATION OF STEVEN M. HELLER IN SUPPORT OF PLAINTIFFS' F.R.C.P. 16(b) MOTION TO EXTEND THE STATUS (PRETRIAL SCHEDULING) ORDER DISCOVERY CUTOFF AND TO DISCLOSE LAY WITNESSES**

__XX__ (MAIL) on the parties in this action at the address(es) listed below by placing a copy thereof in a sealed envelope with postage fully prepaid and depositing with the U.S. Postal Service in the designated area for outgoing mail. I am familiar with the procedures of this office for processing mail.

_____ (PERSONAL DELIVERY) on the parties in this action by causing a true copy thereof to be delivered by hand to the offices of the addressee(s) listed below.

_____ (FACSIMILE) by sending a true copy thereof by facsimile machine to the persons and at the facsimile numbers listed below. Receipt of the facsimile sent has been verified.

_____ (OVERNIGHT MAIL) by depositing with an overnight carrier with postage/fees fully prepaid. I am familiar with the procedures of this office for processing overnight mail.

Elizabeth Dolter
Kenney & Markowitz LLP
255 California Street, Suite 1300
San Francisco, CA 94111
Phone: (415) 397-3100
Fax: (415) 397-3170

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 29, 2005 at Gold River, California.

/s/ Brenda L. Gilbert
Brenda L. Gilbert