UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LINDA S. BEATTIE and BRUCE C. BEATTIE,

        Plaintiffs,

  v.

SOUTHWEST AIRLINES CO, and DOES 1-100,

        Defendants.
_____/

NO. CIV. S-03-1444 FCD PAN

MEMORANDUM AND ORDER

----oo0oo----

    Plaintiffs Linda S. Beattie and Bruce C. Beattie move for leave to modify the pretrial scheduling order to (1) allow plaintiff Linda S. Beattie to augment her Rule 26 Disclosure to include two percipient witnesses; and (2) to allow plaintiffs to bring a discovery motion before the court.  Defendant Southwest Airlines Co. opposes the motion.  For the reasons set forth

///

///

below,[1] plaintiffs' motion is GRANTED.

**BACKGROUND**

On April 2, 2002, plaintiff boarded defendant's airline to travel from Sacramento, California to San Diego, California. (Pls.' Compl., filed March 28, 2003, at 4).  Just before takeoff, luggage fell from the overhead compartment, striking plaintiff. (Id.)  As a result of the injuries plaintiff sustained in the accident, she underwent spinal surgery and alleges that she will suffer some permanent disability.  (Id.)

On March 28, 2003, plaintiff brought suit against defendant in the Superior Court for the State of California, alleging that defendant employees loaded the luggage in a negligent manner. (Id.)  On July 7, 2003, defendant generally denied plaintiff's complaint and requested removal to this court.  (Def.'s Ans., filed July 7, 2003, at 1; Not. Rem., filed July 7, 2003, at 1). The pretrial scheduling order initially set the discovery deadline for October 24, 2004, but the court later extended the discovery deadline to January 24, 2005.  (Or. 2d disc. ext., filed January 19, 2005).

**1.   Percipient Witnesses**

Plaintiffs served their initial witness disclosure statement pursuant to Rule 26 of the Federal Rules of Civil Procedure[2] on February 6, 2004.  (Pls.' Mtn., filed August 26, 2005, at 8). During this period, plaintiff Linda S. Beattie was taking a

---

[1]   Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2]   All further references to a "Rule" are to the Federal Rules of Civil Procedure.

2

myriad of prescriptions for pain, some of which significantly affected her memory. (Beattie Decl., filed August 26, 2005, ¶ 4). Plaintiff declares that she did not recall either Denise Miller or Linda Patton-Finch, the undisclosed percipient witnesses, as having been on the flight or as witnessing the accident. (Id. ¶ 5). However, sometime in May or June of 2005, after plaintiff stopped taking some of her medications, Ms. Miller and Ms. Patton-Finch contacted plaintiff. (Id. ¶ 6). The witnesses told Ms. Beattie that they had been called directly by defendant's attorneys and went into detail about what they had observed. (Id.) Plaintiff formally disclosed the existence of the two percipient witnesses to the defendant on June 22, 2005 in her Supplemental Rule 26 Disclosure. (Pls.' Mtn., at 2). Defendant deposed the two percipient witnesses on July 20, 2005. (Dolter Decl., filed September 9, 2005, at Exs. A, B).

**2.   Discovery Dispute**

On August 18, 2004, plaintiffs served their request for production of documents on defendant, requesting

> [a]ny and all written material, training manuals, and other written materials provided to flight attendants, including but not limited to, the proper manners in which luggage is to be stored, placed into and removed from the overhead luggage compartments.

(Heller Decl., filed August 29, 2005, at Ex. A). The documents produced in response to this request for production included parts of the flight attendant manual, specifically sections one through three and the table of contents. (Id. ¶ 17). Each of the sections was numbered individually, and the table of contents referenced only sections one through three. However, after the discovery deadline had passed, plaintiffs became aware that the

3

manual produced by defendant was missing relevant portions. (Id.)  Specifically, on April 25, 2005, defendant indicated that it would produce section 5 of the manual pertaining to the testimony of its expert, Paula Gaudet.  (Id.)

**STANDARD**

A pretrial order "shall not be modified except upon a showing of good cause."  Fed. R. Civ. P. 16(b).  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)).

When evaluating whether a party was diligent, the Ninth Circuit has determined that

> [a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification.  If that party was not diligent, the inquiry should end.

Id. at 610; see also Gestetner, 108 F.R.D. at 141.

The moving party may establish good cause by showing (1) that the party was diligent in assisting the court in creating a workable Rule 16 order; (2) that the party's noncompliance with a Rule 16 deadline occurred, notwithstanding diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that the party was diligent in seeking amendment of the Rule 16 order, once it became apparent that compliance with the pretrial scheduling order was not possible.  Jackson v. Laureate, Inc., 186 F.R.D.

4

605, 608 (E.D. Cal. 1999)(citations omitted).

## ANALYSIS

### A. Percipient Witnesses

Plaintiff Linda Beattie brings this motion to extend the pretrial scheduling order to allow her to augment her Rule 26 disclosure to include two percipient witnesses, Denise Miller and Linda Patton-Finch. (Pls.' Mtn., at 2). Defendants argue that plaintiff has not satisfied the good cause standard for extending the pretrial scheduling order. Specifically, defendants allege that plaintiff knew or should have known that Ms. Miller and Ms. Patton-Finch were percipient witnesses prior to May or June of 2005 and therefore, should have moved to modify the order at an earlier date. (Def.'s Opp., at 2).

Plaintiff has shown good cause to augment her Rule 26 disclosure to include Denise Miller and Linda Patton-Finch. With respect to the second diligence inquiry,[3] plaintiff was taking prescription medications for pain and anti-inflammatories, some of which had severe side effects on her memory. (Beattie Decl., ¶ 4). While on these medications, plaintiff did not recall whether either Ms. Miller or Ms. Patton-Finch witnessed the incident or was even a passenger on the same flight. (Id. ¶ 5). Nor did plaintiff recall any conversations with the witnesses about the accident. (Id.) Plaintiff's memory problems, suffered as a result of her taking prescription medications, could not have been "reasonably foreseen or anticipated" at the pretrial

---

[3] Defendant does not dispute plaintiff's diligence in assisting the court in creating a workable Rule 16 order. (See Def.'s Opp., at 2).

5

scheduling conference.  See Jackson v. Laureate, Inc., 186 F.R.D. at 608.  Therefore, plaintiff was diligent in her efforts to comply with the original pretrial scheduling order.

With respect to the third diligence inquiry, the earliest that plaintiff became aware that Denise Miller and Linda Patton-Finch were witnesses was sometime in May or June of 2005 when they contacted her.  (Beattie Decl., filed August 26, 2005, ¶ 6; Burns Decl., filed September 16, 2005, ¶ 3).  She then immediately notified her attorney about the existence of these witnesses.  (Beattie Decl. ¶ 6).  Plaintiff interviewed the witnesses in late June of 2005 and gave formal notice to the defendants by adding Ms. Miller and Ms. Patton-Finch to the amended witness list filed on June 22, 2005.[4]  (Burns Decl., ¶ 3; Pls.' Mtn., at 2).  This motion was filed on August 26, 2005.  Thus, once it became apparent that she could not comply with the pretrial scheduling order, plaintiff was diligent in bringing this motion for modification.  Plaintiff's motion to modify the pretrial scheduling order to add two percipient witnesses is GRANTED.

**B.   Discovery Dispute**

Plaintiffs Linda S. Beattie and Bruce C. Beattie also request modification of the scheduling order to allow plaintiffs to bring a discovery motion before the court.  (Pls.' Mtn., filed August 26, 2005, at 2).  The discovery dispute centers upon plaintiff's motion to compel defendant Southwest to produce its

---

[4] Defendant will not suffer prejudice due to the addition of these witnesses to plaintiff's Rule 26 disclosure, as defendant deposed both witnesses on July 20, 2005.  (Dolter Decl., at Exs. A, B).

6

1 flight attendant manual in its entirety.  Defendant argues that
2 plaintiffs have not shown good cause to modify the pretrial
3 scheduling order.  (Def.'s Opp., filed September 9, 2005, at 2).
4 Specifically, defendant alleges that plaintiffs knew that
5 sections of the flight attendant manual were not turned over in
6 response to the first set of document requests; therefore,
7 plaintiffs were not diligent in bringing this motion in a timely
8 manner.

9     The court disagrees.  Plaintiffs have shown good cause for
10 modifying the pretrial scheduling order.  Plaintiffs' delay was
11 primarily caused because they relied on defendant's erroneous
12 representation that there were no additional sections of
13 defendant's flight attendant manual relevant to the handling of
14 baggage.  (Pls.' Reply, filed September 16, 2005, at 7).  The
15 document produced by defendant in response to plaintiffs' first
16 set of document requests indicated that sections one through
17 three were the only main sections of the flight attendant manual.
18 (Heller Decl., ¶ 17).  Plaintiffs could not have "reasonably
19 foreseen or anticipated" that the flight attendant manual
20 produced by defendant was missing relevant sections.  See Jackson
21 v. Laureate, Inc., 186 F.R.D. at 608.

22     Plaintiffs became aware that other relevant sections of the
23 flight attendant manual had not been produced by the defendant on
24 April 25, 2005, when defendant produced Section 5 of the manual
25 as part of its expert's supplemental disclosure.  (Heller Decl.,
26 at Ex. C).  After learning of the existence of undisclosed
27 relevant sections of the flight attendant manual, plaintiffs were
28 diligent in bringing this motion for modification.  Plaintiffs'

1  motion to modify the pretrial scheduling order to allow
2  plaintiffs to bring a discovery motion before the court is
3  GRANTED.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion to modify the pretrial scheduling order is GRANTED.  Plaintiff Linda S. Beattie may augment her Rule 26 disclosure to include Denise Miller and Linda Patton-Finch as percipient witnesses.  The court orders discovery to be extended until November 14, 2005, for the limited purpose of filing a motion to compel production of defendant's flight attendant manual in its entirety.

IT IS SO ORDERED.

DATED: September 27, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE