STEPHEN C. KENNEY (SBN 53883)
ELIZABETH L. DOLTER (SBN 128457)
KENNEY & MARKOWITZ L.L.P.
255 California Street, Suite 1300
San Francisco, CA 94111
Telephone:   (415) 397-3100
Facsimile:    (415) 397-3170

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION - ECF PROGRAM

| | |
|---|---|
| LINDA S. BEATTIE and BRUCE C. BEATTIE,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., and DOES 1-100,<br><br>Defendants. | CASE NO. S-03-1444-FCD-EFB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SOUTHWEST AIRLINES CO.'S MOTION FOR BIFURCATION OF TRIAL**<br>[FRCP 42(b)]<br><br>TRIAL DATE:   October 4, 2006<br>TIME:              9 a.m.<br>COURTROOM:  2<br>                       Hon. Frank C. Damrell |

## I.   INTRODUCTION

The trial time estimate in this case is 14 days. (Amended Pretrial Conference Order [Doc. #63] at 20:20-21.) At a March 17, 2006, *Daubert* hearing in this case, there was discussion of whether the trial should be bifurcated into liability and damages phases. (*Daubert* Hearing Transcript [Doc. #69] at 83:2-86:4.) On March 17, 2006, the court issued a minute order declining to bifurcate the trial "at this time." (Doc. #65.) Through this motion, Southwest requests that the Court revisit the bifurcation issue and determine liability first to promote judicial economy, simplify the issues for the jury and avoid prejudice and confusion.[1]

---

[1] Judge Thelton Henderson bifurcated liability from damages in a similar "falling luggage" case, *Lagleva v.*

{30170.301680 0124509.DOC}   -1-
SOUTHWEST'S MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION FOR BIFURCATION
CASE NO. S-03-1444-FCD-EFB

Kenney & Markowitz L.L.P.

Bifurcation will cut the trial time in half. It will avoid grappling with the medical causation issue: whether Linda Beattie's pre-existing chronic disc disease was worsened or became symptomatic as a result of the laptop bag falling on her.[2] It will also avoid the following:

- an FRE 104(a) hearing on whether the medical causation testimony of Linda Beattie's doctors satisfies the "reasonable medical probability" standard under California law applicable in this diversity case;

- unnecessary jury confusion in trying to understand the medical causation issue and in trying to distinguish those medical bills which result from the incident from those for Linda Beattie's pre-existing disc disease;

- unnecessary jury confusion in trying to distinguish those lost wages that result from the incident as opposed to Linda Beattie's disc disease;

- unnecessary jury confusion in distinguishing Linda Beattie's pain and suffering due to spinal surgery and other disc disease treatment from the *de minimis* pain and suffering due to the soft tissue injury from the falling bag; and

- unfair prejudice to Southwest from a damages presentation that could lead to a compromise verdict based on sympathy.

The short and simple liability claim should be determined before complicating the trial with medical causation and other damages issues.

---

*Southwest Airlines Co.*, U.S.D.C., Northern District Case No. C 00-00528 TEH, which expedited resolution of that case.

[2] One of plaintiffs' claims in this matter is that the laptop bag incident caused Linda Beattie's pre-existing disc disease to worsen. They claim that as a result of injuries she sustained in the incident, Linda Beattie underwent spinal surgery and that she will suffer some permanent disability. (Amended Final Pretrial Conference Statement [Doc. #27] at 15:4-12.) Plaintiffs attempt to link over $100,000 in medical bills, $20,000 in lost wages, Linda Beattie's pain and suffering and Bruce Beattie's loss of consortium with Southwest's conduct on the theory that the incident caused Linda Beattie's disc disease to become symptomatic. (See Doc #27 at 15:22-16:20.)

Linda Beattie concedes that she has disc disease at C5-6 and 6-7 which existed at the time of the laptop bag incident. She contends that this condition was exacerbated, i.e., became symptomatic due to the laptop bag falling on her. There is no competent medical evidence to support that claim. **It is undisputed that Beattie was diagnosed with a soft tissue cervical sprain four days after the incident and that there was no radiating pain until May 2004, 25 months after the incident. Southwest's medical expert, Dr. Kevin Harrington, testified that Beattie sustained at most a soft tissue injury when the bag fell and that nearly all of her subsequent medical treatment was not causally related to the incident.** (Harrington Depo. [Exhibit A] at 21:19-22:18.)

Kenney & Markowitz L.L.P.

## II. DISCUSSION

### A. Bifurcation is Favored Where Difficult Issues Can be Avoided by First Dealing with an Easier Dispositive Issue

FRCP 42(b) provides:

> **(b) Separate Trials.** The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

District courts have broad discretion to try the liability phase of the trial first. *M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1088 (9th Cir. 2005). "Courts have substantial discretion in bifurcating trials in the interest of judicial economy and bifurcation of damages from liability is commonplace." See, e.g., *Bates v. United Parcel Service*, 204 F.R.D. 440, 448 (N.D. Cal. 2001). One favored purpose of bifurcation is "avoiding a difficult question by first dealing with an easier, dispositive issue." *Hurst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982); *Danjaq LLC v. Sony Corporation*, 263 F.3d 942, 961 (9th Cir. 2001).

### B. The Damages Issues in this Case Involve Complicated Testimony on Medical Causation, While the Negligence Claim is Akin to a Slip and Fall

If this case is bifurcated, one of the favored purposes of bifurcation will be accomplished: "avoiding a difficult question by first dealing with an easier, dispositive issue." See *Hurst*, 676 F.2d at 1261. The simple issue in this case is whether Southwest was negligent. The more difficult issues are whether Southwest's negligence caused the plaintiffs' claimed damages, and computing those damages.

#### 1. The Negligence Testimony Will be Brief

The liability issue revolves around a snapshot in time: the moments before, during and after the laptop bag fell on Linda Beattie. By all accounts, the description of the entire incident involves a time span of a few minutes during boarding of this short-hop flight. While several liability witnesses will be called[3], their testimony will brief and focused. There is little

---

[3] There are 30 non-duplicative witnesses on the parties' witness lists: 17 witnesses on liability, 12 on damages and one, Linda Beattie, on both liability and damages. (See attached Exhibit B designating witnesses as "L" (Liability), "D" (Damages), "B" (Both Liability and Damages) and "W" (Withdrawn Witnesses).) Two witnesses

{30170.301680 0124509.DOC}                   -3-
SOUTHWEST'S MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION FOR BIFURCATION
CASE NO. S-03-1444-FCD-EFB

Kenney & Markowitz L.L.P.

documentary evidence relevant to liability: only in-flight reports, selected excerpts from Southwest's Flight Attendant Manual, Linda Beattie's April 18, 2002, letter to Southwest and visual aids such as photos of the aircraft's interior. (See attached Exhibit C [Parties' Exhibit Lists].)

### 2. The Damages Issues Involve Scientific Testimony on Medical Causation and Sorting Through Personnel Records

In contrast, the medical damages issue will involve testimony of at least three of Linda Beattie's treating physicians, her physical therapist, custodians of records and expert testimony by Southwest's medical expert Dr. Kevin Harrington. Dr. Harrington alone has authored six reports in this case. Much of the medical evidence will be offered on the threshold issue of whether, within a "reasonable medical probability," the incident caused Linda Beattie's chronic pre-existing disc disease to become symptomatic. Southwest is filing a motion in limine on plaintiffs' burden of proof and has requested an FRE 104(a) hearing to determine whether there is any medical testimony by Beattie's treaters which satisfies California's "reasonable medical probability" substantive standard for proving medical causation.[4]

Medical causation will involve scientific testimony on whether Linda Beattie sustained only a soft tissue injury when the laptop bag fell on her, or whether her Linda Beattie's chronic pre-existing disc disease became symptomatic **(in May 2004, 25 months after the bag fell)** as a result of the laptop bag incident. Beattie's treatment over the four years since the incident includes a myriad of medications,[5] steroid injections, a series of courses of physical therapy, management by a pain specialist ("physiatrist") and multiple-level cervical fusion surgery in September 2004. There are number of x-rays, CT and MRI scans, other medical records and

---

(Davis and Nibbelink) have been withdrawn and one (Bartolotti) will not testify due to a stipulation.

[4] The Ninth Circuit stated in *Kennedy v. Collagen Corporation,* 161 F.3d 1226, 1230 (9th Cir. 1998):

> California law provides the substantive standard regarding proof of causation in personal injury cases. *Kennedy,* 1992 WL 217803, at *1. The Kennedys must prove causation "within a reasonable medical probability based upon competent expert testimony." *Jones v. Ortho Pharmaceutical Corp.,* 163 Cal.App.3d 396, 402, 209 Cal.Rptr. 456 (1985).

[5] Again, Southwest submits these medications were not taken for a simple soft tissue injury, but for pain resulting from pre-existing disc disease.

voluminous medical bills. These records contain complicated medical jargon about herniated discs, radiculopathy and cervical surgery at C-5-6 and C-6-7.

In addition to these complex medical causation issues, there are related causation and damages issues with regard to Linda Beattie's past wage loss claims. Linda Beattie claims that she missed days off of work and lost wages because of the injury she sustained in the laptop bag incident. Southwest claims that any time Beattie took off work for medical reasons was to obtain treatment for her pre-existing disc disease and was not related to the soft tissue injury sustained when the laptop fell. A subsidiary issue is whether, as a threshold legal matter, Linda Beattie can even claim lost wages because she has been paid her full salary from the State of California Employment Development Department ("EDD") since the incident. The amount of lost wages will involve calculations based on medical causation, full days missed from work, analysis of the EDD's medical, disability and other leave policies and testimony by the EDD's Human Resource Coordinator.

Other damages issues include Linda Beattie's general damages for pain and suffering and Bruce Beattie's loss of consortium claim. Again, the jury must decide whether these damages are medically caused by the incident. Plainly, if medical causation is not established, there would be only *de minimis* emotional distress and no loss of consortium from a soft tissue injury.

The difficult causation question and damages calculation issues can be avoided by first dealing with the dispositive question of whether Southwest is negligent. Although Southwest did not move for summary judgment on the issue of liability, plaintiff's liability case is thin at best. An acquaintance of Linda Beattie's who was on the flight in question, Southwest Flight 794, testified that the laptop bag fell from an overhead bin onto Linda Beattie when a male passenger opened the bin. (Blumhardt Depo. [Exhibit D] at 23:22-24:6.) A contemporaneous in-flight report prepared by a Southwest flight attendant based on a handwritten note by another passenger confirms that the bag fell when a passenger was trying to stow his bag in that bin. (Amended Pretrial Conference Order [Doc. #63] at 3:19-4:7.) Negligence law does not impose liability on an airline under these circumstances. Southwest does not have *respondeat superior* liability for the

acts of its passengers, and an airline does not guarantee the safety of its passengers.[6] E.g. *Gradus v. Hanson Aviation, Inc.*, 158 Cal.App.3d 1038 (1984); *Powell v. Dell-Air Aviation, Inc.*, 268 Cal.App.2d 451 (1968).

Southwest submits that the evidentiary presentation on damages will be mooted by the jury's rejection of plaintiffs' negligence claim. Bifurcation will most likely eliminate the more difficult question of medical causation – whether plaintiffs can link the laptop bag incident with Linda Beattie's claimed health problems and general damages.

### C. Bifurcation Will Be Conducive to Judicial Economy

As stated, the liability witnesses' testimony will be brief. The testimony of all non-party the liability witnesses will likely conclude in a single day. The testimony of the party witnesses on liability will also be brief because Bruce Beattie was not even on the flight and none of the flight attendants witnessed the incident. As stated, the documentary evidence on liability is minimal.

The court previously limited plaintiffs' liability expert Diane Laxineta to one opinion. (*Daubert* Hearing Transcript [Doc. #69] at 60:10-62:15; 64:13-67:3.) Southwest's liability expert Paula Gaudet will offer focused testimony on Southwest's flight attendant training and procedures and the standard of care. This testimony is neither complex nor based on technical data so it will not be time-consuming. Both sides' presentations of the liability evidence should be concluded in two to three days.

In contrast, the testimony and documentary evidence on plaintiffs' damages will be cumbersome. It will deal with technical terminology and questions prefaced with the ever-present "Do you have an opinion with in a reasonable medical probability ... ?" There will be four years of medical treatment and billings to discuss, lengthy hypotheticals and voluminous medical records, including x-rays, CT scans and MRIs. The lost wages issue will also involve sorting out which days of work Linda Beattie has lost in the last four years, which of those days has any

---

[6] Plaintiffs' case is further weakened by inconsistencies between their theory of the case and admissions contained in Linda Beattie's April 18, 2002, letter to Southwest written two weeks after the incident. Plaintiffs' theory of the case is that Southwest flight attendant Andrew Kane was moving bags in the bin above Linda Beattie when the laptop bag fell out of that bin. Linda Beattie's letter states that Kane was **walking away** from that bin when the laptop bag fell out of it. (Amended Pretrial Conference Order [Doc. #63] at 3:7-10.)

{30170.301680 0124509.DOC}   -6-
SOUTHWEST'S MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION FOR BIFURCATION
CASE NO. S-03-1444-FCD-EFB

Kenney & Markowitz L.L.P.

connection with the incident, calculation of leave days vs. vacation days and mathematical calculations.

### D.  Bifurcation Will Avoid Prejudice to Southwest and Jury Confusion

Most of this trial will be on the claimed damages: Linda Beattie's alleged chronic pain, her numerous pain medications, her perceived physical limitations in the workplace, her alleged inability to enjoy life, boating and other activities, her relationship with her husband, her alleged inability to drive an automobile and otherwise travel, and her extensive (and expensive) medical treatment. Further testimony will be provided by Bruce Beattie, who was not even a passenger on the flight, about his loss of consortium. Any juror who hears of this sad saga will be tempted to render a verdict for Linda Beattie on sympathy rather than the evidence. Bifurcation will avoid a "damages drives liability" or compromise result.

> ... prejudice outweighs probative value where the facts arouse the jury's feelings for one side without regard to the probative value of the evidence, or in other words, if the jury is basing its decision on something other than the established facts and legal propositions in the case. E. Cleary, *McCormick on Evidence* § 185 (3d ed. 1984).

(*Bowen v. United States*, 857 F,2d 1337, 1341 (9th Cir. 1988).)

Unless the trial is conducted in separate liability and damages phases, there is a danger that the jury will be distracted from the fundamental question of what caused the laptop bag to fall. The medical evidence will obscure the first step in the jury's analysis – whether Southwest was negligent. Such confusion is unnecessary. Damages can either be considered in a second phase, or not at all, depending on the phase one outcome.

## III.  CONCLUSION

For the foregoing reasons and those reasons to be addressed at the hearing on this motion, Southwest requests an order bifurcating the liability and damages phases of the trial and impaneling separate juries in both phases.

DATED: September 20, 2006

KENNEY & MARKOWITZ LLP

By: _____
STEPHEN C. KENNEY
ELIZABETH L. DOLTER
Attorneys for Defendant
SOUTHWEST AIRLINES CO.