Steven M. Heller, #79067
Paige M. Hibbert, #143105
Sandra Parker-Burns, #127512
HELLER & HIBBERT, LLP
6833 Fair Oaks Boulevard
Carmichael, California 95608
Telephone:   (916) 971-8500
Facsimile:    (916) 971-8501

Attorneys for Plaintiff LINDA S. BEATTIE
and BRUCE C. BEATTIE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION - **ECF PROGRAM**

| | |
|---|---|
| LINDA S. BEATTIE and BRUCE C. BEATTIE | Case No. S-03-1444 FCD EFB |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE: EXCLUSION OF TESTIMONY OF WITNESS SANDRA MOORE** |
| vs. | |
| SOUTHWEST AIRLINES CO., and DOES 1 through 100, inclusive, | **DATE:        October 4, 2006** |
| Defendants. | **TIME:          8:30 a.m.** |
| | **HON. FRANK C. DAMRELL, JR.** |

**I**

## INTRODUCTION

Defendant seeks to admit the testimony of Ms. Moore (a Southwest employee) regarding a July 5, 2003, conversation she had with Andrew Kane about the facts and circumstances of the April 2, 2002, incident alleged to have caused Linda Beattie's injuries.

Defendant did not disclose witness Sandra Moore in its Initial Rule 26 Disclosure nor in any subsequent or supplemental disclosure. Ms. Moore, according to Southwest's disclosure in the Joint Pre-Trial Conference Statement, purports to have had a conversation with flight attendant Andrew Kane regarding the April 2, 2002, incident the exact nature of that conversation is unknown to plaintiff.

Federal Rule of Civil Procedure 26(A)(3) provides in pertinent part that:

///

1
2
3

> In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for impeachment:

4
5
6

> (A) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises

Federal Rules of Civil Procedure Rule 26(e) provides in pertinent part that:

7
8
9
10

> A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:

11
12
13
14

> (1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

15    Here, the witness Sandra Moore was not disclosed until the Joint Pre-Trial
16  Conference Statement filed on July 29, 2005, which was after discovery had closed in this
17  action. By way of the "Stipulation and Order Extending Deadlines" (filed October 28, 2004),
18  the parties extended the discovery cut-off date  (from the Court's November 18, 2003 Pre-
19  trail Scheduling Order) from October 24, 2004, to January 24, 2005.  On January 18, 2005,
20  the Court entered its Order Extending Discovery Deadline  for Limited Purposes (FRCP29)
21  on stipulation of the parties.  Said order provided for the completion of certain depositions of
22  experts, health care providers and others after the discovery cut-off date of January 24,
23  2005.

24    In this action Plaintiff brought a motion to augment it's witness list after the discovery
25  cut-off date to include witness Miller and Patton-Finch. The Court granted the motion. Here,
26  Defendant made no effort to bring a Rule 16(b) motion to extend the status (Pretrial
27  Scheduling) order discovery cutoff and to disclose this lay witness.

28  ///

**Memorandum in Support of Motion
in Limine re: Exclusion of Testimony**

## II

## <u>CONCLUSION</u>

As witness Sandra Moore was never timely, nor properly disclosed by defendant, plaintiff requests that her testimony be excluded.

DATED:  September 20, 2006                              HELLER & HIBBERT, LLP


                                                        /s/ Steven M. Heller_____
                                                        STEVEN M. HELLER
                                                        Attorney for Plaintiffs

**Memorandum in Support of Motion
in Limine re: Exclusion of Testimony**