Steven M. Heller, #79067
Paige M. Hibbert, #143105
Sandra Parker-Burns, #127512
HELLER & HIBBERT, LLP
6833 Fair Oaks Boulevard
Carmichael, California 95608
Telephone:  (916) 971-8500
Facsimile:  (916) 971-8501

Attorneys for Plaintiff LINDA S. BEATTIE
and BRUCE C. BEATTIE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION - **ECF PROGRAM**

| | |
|---|---|
| LINDA S. BEATTIE and BRUCE C. BEATTIE<br><br>        Plaintiff,<br>vs.<br><br>SOUTHWEST AIRLINES CO., and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. S-03-1444 FCD EFB<br><br>**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE: COLLATERAL SOURCE**<br><br>DATE:     October 4, 2006<br>TIME:     8:30 a.m.<br>HON. FRANK C. DAMRELL, JR. |

**I**

**INTRODUCTION**

Any testimony, evidence, proffer, or argument of counsel of any nature, either direct or indirect, which includes reference to any collateral source payments made to plaintiff Linda Beattie, should be excluded in the instant case under Federal Rules of Evidence, Rules 401, 402 and 403. Such evidence is not relevant and is substantially more prejudicial to plaintiff than probative of any issues in this case, and such evidence will confuse the issue, cause delay, and mislead and inflame the passions of the jury.

///

///

///

///

## II

## ARGUMENT

**Evidence Relating to Collateral Source is not Admissible in this Case Pursuant to Federal Rules of Evidence 401, 402 and 403.**

Federal Rules of Evidence, Rule 403 provides:

> Although relevant, evidence may be excluded if it's probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Federal Rule of Evidence, Rule 401, provides that:

> Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probative or less probative than it would be without the evidence.

Federal Rule of Evidence, Rule 402, provides that:

> All relevant evidence is admissible, except as otherwise provided in the Constitution of the United States, by Act of Congress, by these rules, or by any other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Here, plaintiff Linda Beattie received insurance benefits through her employment for worker's compensation, that the receipt of such benefits are not relevant nor admissible.

Collateral sources include first-party insurance benefits, such as liability, health, medical, property, and life insurance (see *Helfend v. Southern Cal. Rapid Transit Dist.* (1970) 2 Cal.3d 1, 10, 84 Cal.Rptr. 173, 465, P.2d 61). A fidelity bond is also a collateral source (*Pacific Gas & Elec. Co. v. Superior Court* (1994) 28 Cal.App.4th 174, 180, 33 Cal.Rptr.2d 522). Collateral sources also include employee benefits (see *Morse v. Southern Pac. Transp. Co.* (1976) 63 Cal.App.3d 128, 133-134, 133 Cal.Rptr. 577), workers' compensation [see *De Cruz v. Reid* (1968) 69 Cal.2d 217, 222-227, 70 Cal.Rptr. 550, 444 P.2d 342), Social Security benefits ( *McKinney v. California Portland Cement Co.* (2002) 96 Cal.App.4th 1214, 1224-1226, 117 Cal.Rptr. 2d 849) and Medi-Cal (*Hanf v. Hous. Auth.* (1988) 200 Cal.App.3d 635, 639-640, 246 Cal.Rptr. 192).

Memorandum in Support of Motion
in Limine re: Collateral Source

The rule "operates both as a substantive rule of damages and as a rule of evidence." (*Arambula v. Wells* (1999) 72 Cal.App.4th 1006, 1015 (85 Cal.Rptr.2d 584).) Simply stated, the rule is that "if an injured party receives some compensation for his injuries from a source wholly independent of the tortfeasor, such payment should not be deducted from the damages which the plaintiff would otherwise collect from the tortfeasor." (*Helfend* 2 Cal.3d at p. 6) In perhaps its purest form, the rule "embodies the venerable concept that a person who has invested years of insurance premiums to assure his medical care should receive the benefits of his thrift. The tortfeasor should not garner the benefits of his victim's providence." (*Helfend*, 2 Cal.3d at pp. 9-10, fn. omitted.) Thus, in *Helfend,* the plaintiff claimed medical expenses, and the court held that the collateral source rule barred defendant from introducing evidence that the expenses had in fact been covered by plaintiff's insurer. (See *McQuillan v. Southern Pacific Co.* (1974) 40 Cal.App.3d 802 (115 Cal.Rptr. 418).) (*Rotolo Chevrolet v. Superior Court*, 105 Cal. App. 4th 242, 245)
As the court notes in *Helfend*, insurance policies commonly include provisions either requiring the insured to repay the insurer from any litigation recovery, or subrogating the insurer to the rights of the insured. (*Helfend, supra*, 2 Cal.3d at pp. 10-11) In this situation, there is no double recovery for the plaintiff/insured. (See also *Hanif v. Housing Authority* (1988) 200 Cal.App.3d 635, 639-640 (246 Cal.Rptr. 192)) court notes that the plaintiff could recover for medical expenses actually paid by Medi-Cal, but also that Medi-Cal had statutory lien and subrogation rights].)

Thus, any reference to collateral source payments as not relevant would be extremely prejudicial and confusing or misleading to the jury.

///
///
///
///
///
///

**Memorandum in Support of Motion
in Limine re: Collateral Source**

## III

## CONCLUSION

Therefore, based upon the foregoing, it is respectfully requested that the court exclude any testimony, evidence, proffer, or argument of counsel of any nature, either direct or indirect, which refers to plaintiff's receipt of any worker's compensation, medical or health insurance benefits.

DATED: September 20, 2006                              HELLER & HIBBERT, LLP


/s/ Steven M. Heller
STEVEN M. HELLER
Attorney for Plaintiffs

Memorandum in Support of Motion
in Limine re: Collateral Source