Steven M. Heller, #79067
Paige M. Hibbert, #143105
Sandra Parker-Burns, #127512
HELLER & HIBBERT, LLP
6833 Fair Oaks Boulevard
Carmichael, California 95608
Telephone:  (916) 971-8500
Facsimile:   (916) 971-8501

Attorneys for Plaintiff LINDA S. BEATTIE
and BRUCE C. BEATTIE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION - **ECF PROGRAM**

| | |
|---|---|
| LINDA S. BEATTIE and BRUCE C. BEATTIE<br><br>    Plaintiff,<br>vs.<br><br>SOUTHWEST AIRLINES CO., and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. S-03-1444 FCD EFB<br><br>**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PAULA GAUDET RE: SOUTHWEST AIRLINES' COMPLIANCE WITH INTERNAL STANDARDS**<br><br>DATE:    October 4, 2006<br>TIME:    8:30 a.m.<br>HON. FRANK C. DAMRELL, JR. |

I

**BACKGROUND**

Plaintiff Linda Beattie sustained personal injuries when a laptop computer fell out of an overhead compartment in one of Defendant airline's planes and landed on her head and neck. Plaintiff contends that defendant Southwest Airlines, Co., a common carrier, and its in-cabin flight crew were negligent in their duty to Plaintiff. Plaintiff contends that the laptop fell from the overhead compartment when one of Defendant's flight attendants was attempting to place additional passenger carry-on items in the overhead compartment.

///

///

## II

## IDENTIFICATION OF DISCOVERY DISPUTE

### A.   Flight Attendant Manual.

It has been determined through discovery in this case that defendant Southwest Airlines established a manual for its flight attendants which sets forth defendant's standard for the proper manner in which luggage is to be stored, placed into, and removed from overhead luggage compartments. Said Flight Attendant Manual, among other things, delineates the recommended procedure and policies to be followed by Southwest Airline, Co. employees regarding the handling and storage of passenger carry-on items in the overhead compartments. Said manual consists of five sections. Defendants have produced portions four of the five sections of the manual, excluding section four thereof.

Subsequent to Defendant's disclosure and production of the manual, Plaintiff became aware that in addition to the three sections of the Flight Attendant Manual produced by Defendants, that there were at least two additional sections. Plaintiff had no reason to believe that Defendant had not produced all of the manual as the Table of Contents produced with Sections 1 through 3 made no reference to any sections other than sections 1 through 3. Plaintiff only became aware of the fourth and fifth sections when Defendant indicated that it would produce Section 5 of the Flight Attendant Manual relevant to the testimony of their expert Paula Gaudet. This latter section was produced as part of the expert's supplemental disclosure which was served on Plaintiff on April 25, 2005.

After initially producing only three of the five sections of the manual, Defendant elected to produce a fourth section (Section 5) when it became expedient to do so because the section had been relied upon by their procedures expert Ms. Gaudet.

On April 25, 2005, Defendant's expert Paula Gaudet's Supplemental Expert Disclosure was produced which included Section 5 of the Flight Attendant's Manual.

Defendant has disclosed Paula Gaudet as their expert on the liability issues. Plaintiff contends that Gaudet should be disqualified for failure to produce with her report the entire Southwest Flight Attendant Manual. The expert, in her deposition testimony, reflects that

she relied "generally" on the Flight Attendant Manual. However, Southwest defendant has not made any supplemental disclosures regarding the balance of the manual as required by F.R.C.P. 26(a)(1).

Federal Rule of Civil Procedure Rule 26(a)(1) requires that:

> Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:
>
> (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment

Federal Rule of Civil Procedure Rule 26(a)(2) provides that

> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Federal Rule of Civil Procedure Rule 26(e) provides that

> A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:

(1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

Here, the witness relied generally upon the Southwest Flight Attendant Manual, however, Defendant has not complied with Rule 26 and has not disclosed the entire manual.

### III

### CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the court exclude any testimony of Defendant's Expert Paula Gaudet which relates to the Southwest Flight Attendant manual.

DATED: September 20, 2006                     HELLER & HIBBERT, LLP


/s/ Steven M. Heller
STEVEN M. HELLER
Attorney for Plaintiffs