STEPHEN C. KENNEY (SBN 53883)
ELIZABETH L. DOLTER (SBN 128457)
KENNEY & MARKOWITZ L.L.P.
255 California Street, Suite 1300
San Francisco, CA 94111
Telephone:  (415) 397-3100
Facsimile:   (415) 397-3170

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION - **ECF PROGRAM**

| | |
|---|---|
| LINDA S. BEATTIE and BRUCE C. BEATTIE,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., and DOES 1-100,<br><br>    Defendants. | CASE NO.  S-03-1444-FCD-EFB<br><br>**DEFENDANT SOUTHWEST AIRLINES CO.'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF SOUTHWEST EMPLOYEE EXPERT PAULA GAUDET**<br><br>**Trial Date:**   October 4, 2006 |

{30170.301680 0124758.DOC }
SOUTHWEST'S OPPOSITION TO PLAINTIFFS' MOTION
TO EXCLUDE TESTIMONY OF PAULA GAUDET
S-03-1444 FCD PAN

Kenney & Markowitz L.L.P.

## I. INTRODUCTION

Plaintiffs have made a motion to exclude certain testimony by Southwest employee expert Paula Gaudet ("Gaudet"). Gaudet is Southwest's Director of In-Flight Standards who will testify at trial as a percipient witness on the training provided to Southwest flight attendants, Southwest's procedures and its in-flight standards. She will also offer expert testimony on whether Southwest complied with its own procedures and with the standard of care in the airline industry.

Plaintiffs' motion in limine is unclear as to exactly what relief they are seeking. At times the motion seems to suggest that Gaudet should be "disqualified." (See Motion in Limine [Doc. #112] at 2:26-28.) At other times it is suggested that the Court should exclude only Gaudet's testimony which "relates to" the Southwest Flight Attendant Manual ("Manual"). (Doc. #112 at 4:12-14.) And the motion's caption advises of the plaintiffs' motion "to Exclude Testimony of Gaudet Re: Southwest Airlines' Compliance with Internal Standards."

Regardless of what relief plaintiffs are seeking, this Court should deny plaintiffs' overblown motion in limine for the following reasons:

(1) Southwest is not relying on any portions of the Manual other than those produced by plaintiffs. Therefore, Southwest has not violated any disclosure duty under Rule 26(a)(1) or 26(a)(3);

(2) The only portions of the Manual on which Gaudet specifically relies and on which she will base her testimony are those portions that have already been produced by Southwest (See Gaudet Depo. [Exhibit A] at 19:12-20; Gaudet supplemental expert report [Exhibit B].) Plaintiffs' unsubstantiated innuendo that Gaudet is "generally" relying on the entire Manual is refuted by Gaudet's report and deposition testimony;

Kenney & Markowitz L.L.P.

(3) Plaintiffs dropped their motion to compel Southwest's Manual and have thus waived any objection to Southwest's failure to produce the entire Manual. (Doc. #48; *In re Leap Wireless Internet, Inc.*, 301 B.R. 80, 83 (S.D. Cal. 2003).);

(4) Gaudet is an employee expert who has never before testified as an expert. She therefore was not required to prepare a written report (see FRCP 26(a)(2)(B)). Even assuming that there were something more to disclose, Southwest is not required to make any further disclosures under Rule 26(e)(1) with regard to Gaudet because she is not "an expert from whom a report is required" under Rule 26 (a)(2)(B);

(5) Southwest cannot produce the entire Manual without the approval of the Transportation Security Administration (TSA); the TSA has not yet given its approval for release of the entire Manual (Dolter Dec., ¶9.); and

(6) Even if Southwest had a duty to produce the entire Manual, plaintiffs cannot show that they have suffered any prejudice. Prejudice is required for exclusion of evidence under FRCP 37(c)(1).

## II. DISCUSSION

### A. Because Southwest Produced All Portions of the Manual on Which it Will Rely on Trial, there is No Violation of a Rule 26(a)(1) or (a)(3) Disclosure Duty

To the extent that plaintiffs are suggesting that Southwest violated its Rule 26(a)(1) or (a)(3) disclosure obligations by failing to produce the entire Manual, that argument fails because Southwest will not rely at trial on any portions of the Manual other than those produced to plaintiffs. (Dolter Dec., ¶8; Gaudet Depo. [Exhibit A] at 19:12-20.) Rule 26(a)(1) applies only to documents "that the disclosing party may use to support its claims or defenses:"

**Rule 26. General Provisions Governing Discovery; Duty of Disclosure**

**(a) Required Disclosures; Methods to Discover Additional Matter.**

**(1) Initial Disclosures.** Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

\* \* \*

**(B)** a copy of, or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and <u>that the disclosing party may use to support is claims or defenses</u> unless solely for impeachment.

(Emphasis added.)

The supplemental disclosures required by Rule 26(a)(3) are limited to documents and other evidence that the party intends to present at trial:

**(3) Pretrial Disclosures.** In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to other parties and promptly file with the court the following information <u>regarding the evidence that it may present at trial other than solely for impeachment</u>:

\* \* \*

**(C)** an appropriate identification of each document or other exhibit, including summaries of other evidence, <u>separately identifying those which the party expects to offer</u> and those which the party may offer if the need arises.

(Emphasis added.)

Southwest has disclosed all sections of the Manual that it will use at trial. (Dolter Dec. ¶8.) There is no Rule 26(a)(1) or (a)(3) violation.

**B.    The Only Portions of The Manual on Which Gaudet Will Rely at Trial Are Those that Have Already Been Produced to Plaintiffs**

One of the more disturbing elements of plaintiffs' motion is that they make no showing of what "missing" section(s) of the Manual on which Gaudet is relying. Plaintiffs assert that Gaudet "relied 'generally' on the Flight Attendant Manual" (Doc. #112 at 3:1.) without any supporting citation to Gaudet's deposition. This is a "falling luggage" case involving stowage of carry-on luggage. Southwest has produced all sections of its Manual pertaining to the stowage of carry-on

luggage and to flight attendants' in-flight service of passengers.  (Gaudet Depo. [Exhibit A] at 21:12-19; Dolter Dec., ¶7; Exhibit D.)

The following excerpt from Gaudet's Supplemental Rule 26 report confirms that she did <u>not</u> rely on the *entire* Manual **but only on specific sections of the Manual:**

### Materials Reviewed

I have reviewed the following materials:

- Plaintiffs Bruce and Linda Beattie's Complaint.
- Southwest's Answer.
- Linda Beattie's April 18, 2002, letter.
- Linda Beattie's discovery responses.
- Schematics of Boeing 737-500 on April 2, 2002, and reconfigured with "Spirit" interior.
- Seating Chart regarding Flight 794.
- Flight Tracking Search - Flight 794.
- In-Flight Reports of Andrew Kane, John Houpt, Victoria Seager Trujillo and Linda Beattie.
- Jason Gleim's April 2, 2002, note.
- Memo of a July 15, 2003, conversation between Andrew Kane and Sandra Moore.
- **Southwest Flight Attendant Manual pages.**
- Rule 26 Initial Disclosure of defendant Southwest Airlines Co.
- Plaintiff and Southwest's expert disclosure statements.
- My report dated September 29, 2004.
- Diane Laxineta's report dated December 29, 2004.
- Witness Deposition References Chart.
- Bruce Beattie deposition and exhibits thereto.
- Linda Beattie deposition and exhibits thereto.
- Lynette Blumhardt deposition and exhibits thereto.
- Sue Bristow deposition and exhibits thereto.
- Jason Gleim deposition and exhibits thereto.
- John Houpt deposition and exhibits thereto.
- Darren Johnson deposition and exhibits thereto.
- Frank Johnson deposition and exhibits thereto.
- Andrew Kane deposition and exhibits thereto.
- Damien Ladd deposition and exhibits thereto.
- Diane Laxineta deposition and exhibits thereto.
- Lorna Magnussen deposition and exhibits thereto.
- Victoria (Seager) Trujillo deposition and exhibits thereto.
- Gerald Uyeda deposition and exhibits thereto.
- Federal Airline Regulations
- My notes.

{30170.301680 0124758.DOC}   -4-
SOUTHWEST'S OPPOSITION TO PLAINTIFFS' MOTION
TO EXCLUDE TESTIMONY OF PAULA GAUDET
CASE NO. S-03-1444-FCD-EFB

Kenney & Markowitz L.L.P.

**Documents Attached to this Report**

* * *

**Tab 3:** Flight Attendant Manual Excerpts.

* * *

(Gaudet Supplemental Report [Exhibit B] at pp. 1, 2 and 7; emphasis added.)

Gaudet's April 26, 2005, deposition testimony confirms that she is relying only on those Manual sections that are attached to her report and contained in her expert binder:

> Q. **And you've already told us that all the material that you've reviewed either was produced earlier in the exhibits to your report or in the binder which you brought with you today, correct?**
>
> A. Yes.
>
> Q. **Okay. And it's also correct that you have not looked at any other material to help in any way analyze in this case. Is that a fair statement?**
>
> A. Yes.
>
> * * *
>
> Q. And then in the material previously supplied by your counsel under a document entitled "Defendant's Southwest Airlines Company Disclosure of Supplemental Expert Report of Paula Gaudet," dated April 22nd, 2005, you have initially provided us with an expert opinion report that is eight pages long.
>
> And that's your updated report, correct?
>
> A. Yes.
>
> Q. And then tab number one is your resume, correct?
>
> A. Yes.
>
> Q. Now is that an up-to-date resume?
>
> A. Yes.
>
> Q. **Tab number two is a copy of the complaint. And then tab number three is what?**
>
> A. Flight Attendant Manual excerpts.
>
> Q. Now tab number three, the excerpts contained therein, is that a current Flight Attendant Manual or is that the one that was in force at the time of the accident?

{30170.301680 0124758.DOC}  -5-
SOUTHWEST'S OPPOSITION TO PLAINTIFFS' MOTION
TO EXCLUDE TESTIMONY OF PAULA GAUDET
CASE NO. S-03-1444-FCD-EFB

Kenney & Markowitz L.L.P.

A. The one that was in force at the time of the accident.

Q. Now has the Flight Attendant Manual for Southwest flight attendants been amended or modified in any way which would pertain to this accident?

A. No.

Q. **Have you included in your report material all of the Southwest Flight Attendant Manual material which pertains to overhead luggage?**

A. Yes.

Q. **Okay. And have you included all the material that pertains to the training that flight attendants receive relative to the onboard stowage of luggage?**

A. Yes.

* * *

**Have we now reviewed all of the material that you have reviewed in preparation for formulating opinions in this case?**

A. Yes.

* * *

**Your report does in fact describe all 19 exhibits to the report, correct?**

A. Yes.

* * *

MR. HELLER: And then I'd like to get marked as the next exhibit the table of contents to the black binder.

(Exhibit No. 5 was marked)

MR. HELLER: Q. And I have been calling it **the black binder.** Do you have a more specific name for it than that?

A. No, that will be fine.

Q. Okay. That contains the 32 tabs which are the -- some of it duplicative but additional information in part which you reviewed in preparing your opinions in this case, correct?

A. Yes.

(Gaudet Depo. [Exhibit A] at 19:12-20; 20:11-21:10; 33:18-21; 100:18-101:12.)

The table of contents to Gaudet's expert binder ("the black binder" referenced in her deposition at 100:22-101:12) is attached as an exhibit to her deposition. (See Dolter Dec., ¶5; Exhibit C.) The table of contents lists the following sections of the Manual:

| ITEM | TAB |
|---|---|
| * * * | |
| Section 5 of Customer Care Chapter in Southwest Airlines Flight Attendant Manual (Revision 762, October 24, 2001) | 11 |
| Excerpts from Southwest Airlines Flight Attendant Manual (Revision 63, December 31, 2001) | 12 |
| * * * | |

(Exhibit C.)

There is no mystery regarding the portions of the Manual Gaudet reviewed, or whether those excerpts have been produced to plaintiffs.

C. **Plaintiffs Have Waived any Objection to Southwest's Failure to Produce the Entire Manual Because They Dropped Their Motion to Compel the Manual and Never Re-filed that Motion**

It is somewhat incredible that plaintiffs are moving to exclude Gaudet's testimony (or a portion thereof) on the grounds that Southwest did not produce its entire Manual. Plaintiffs elected not to pursue a motion to compel the Manual, apparently in an effort to play tactical games. Plaintiffs cannot come into court and attempt to eliminate an entire witness (or even a portion of her testimony) on the pretext that information has been wrongfully withheld.

On September 28, 2005, the court gave plaintiffs permission to file a motion to compel the balance of Southwest's Manual. (Doc. #41.) This "balance" consisted of certain sections that were not produced by Southwest because they were totally irrelevant to the issues in this case. Southwest produced the sections that are relevant to this case which include Section 1 (General), Section 2 (Procedures), Section 3 (Appendix), and Section 5 (the Customer Care section). On October 19, 2005, plaintiffs filed a motion to compel the rest of the Manual. (Doc. #42.) On December 5, 2005, plaintiffs unilaterally and for no stated reason dropped this motion (Doc. #49.):

{30170.301680 0124758.DOC}   -7-
SOUTHWEST'S OPPOSITION TO PLAINTIFFS' MOTION
TO EXCLUDE TESTIMONY OF PAULA GAUDET
CASE NO. S-03-1444-FCD-EFB

Kenney & Markowitz L.L.P.

Honorable Magistrate Peter A. Nowinski
United States District Court
Eastern District of California
501 I Street, Room 4200
Sacramento, CA 95814

Attention: Nick

Re: *Beattie v. Southwest Airlines, et al.*
Case No. S-03-1444 FCD PAN

Dear Nick:

This will confirm my voicemail message to you of Friday, December 2, 2005, **wherein I advised you plaintiffs would be dropping from calendar their Motion to Compel Production of Defendant's Flight Attendant Manual in its Entirety**, scheduled for December 7, 2005.

If you have any questions, please do not hesitate to contact this office.

Very truly yours,

HELLER & HIBBERT, LLP


/s/ Brenda L. Gilbert

Brenda L. Gilbert
Legal Assistant to Steven M. Heller

/blg

cc: Elizabeth Dolter - by facsimile

(Exhibit E; emphasis added.)

Such game-playing should not be allowed by the Court. Plaintiffs have intentionally relinquished, i.e. waived any right to obtain the balance of Southwest's Manual. Because of this waiver, the Court should reject their eleventh hour claim that Southwest wrongly refused to produce the Manual.

A similar situation occurred in *In re Leap Wireless Internet, Inc.*, 301 B.R. at 83. In that matter, a party moved to strike an expert's report and his testimony based on a failure to comply with Rule 26. The court held that the party waived its motion to strike because it did not seek to compel a more adequate disclosure within a reasonable time after the expert report was served.

> Although there is scant case law concerning Rule 26 objections, generally, the remedy for a deficient expert report is a motion to

compel in advance of trial. *See Intercargo Insurance Co. v. Burlington Northern Santa Fe Railroad*, 185 F.Supp.2d 1103, 1107 (C.D. Cal.2001) ("Defendants did not seek to compel a more adequate disclosure within a reasonable time of service of the expert reports. Accordingly, defendants may not now seek to exclude plaintiff's experts."); *see also* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2003), ¶¶ 11:415-418 at 11-37-11-38 (suggesting judges are not likely to exclude an expert's testimony because of an insufficient expert report unless the attorney promptly moved for more adequate disclosures.)

While in this unusual case the time to make such motions was extremely limited-the expert reports were exchanged on September 8, 2003 and Falkenberg's depositions taken on September 16, 2003 with trial commencing September 29, 2003-a motion to compel could have been presented to this Court on an emergency basis. MCG PCS made no effort to bring such a motion; nor did it introduce any evidence that it made any informal requests for more adequate disclosures. Accordingly, the motion to strike for failure to fully comply with Rule 26(a)(2)(B) has been waived.

(301 B.R. at 83.)

See also *Intercargo Insurance Co. v. Burlington Northern Santa Fe Railroad*, 185 F.Supp.2d 1103, 1107 (C.D. Cal. 2001).

Here, Gaudet's supplemental Rule 26 report was served in April 2005. Her deposition occurred on April 26, 2005. If plaintiffs truly believed that Gaudet was relying on documents not disclosed in her Rule 26 report, their remedy was to proceed with their motion to compel. Instead, plaintiffs took that motion to compel off calendar on December 5, 2005. (Doc. #48.) The objection has been waived.

### D. Because Gaudet is an Employee Expert, Southwest Has No Duty to Make Disclosures Pursuant to Rule 26(a)(2)(B) and Rule 26(e)(1)

Plaintiffs' motion appears to be directed towards Gaudet's testimony as an expert witness. Plaintiffs did not address Gaudet's dual role as a percipient and expert witness. Gaudet's dual role is significant with regard to this motion for two reasons.

First, the percipient testimony will plainly be allowed regardless of whether Southwest's Manual was produced in its entirety or not. Southwest disclosed all portions of the Manual that it will rely on at trial and plaintiffs dropped their motion to compel the rest of the Manual. (See Dolter Dec. ¶8, Exhibit D and Doc. #48.)

Second, plaintiffs' motion seems to suggest that Southwest was under a Rule 26 duty to produce the Manual in its entirety simply because they claim, without any evidentiary support, that Gaudet testified to her "general" reliance on the Manual. However, Gaudet is an employee expert who has never given expert testimony before. (See Gaudet Depo. [Exhibit A] at 4:21-5:6.) Accordingly, FRCP 26(a)(2)(B) and Rule 26(e)(1) do not apply. Even assuming there were something more to disclose (which there is not), Southwest was never under any duty to produce the entire Manual as part of a supplemental expert disclosure.

> **(2) Disclosure of Expert Testimony.**
>
> **(A)** In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> **(B)** Except as otherwise stipulated or directed by the court, <u>this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony</u>, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
>
> **(C)** These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. <u>The parties shall supplement these disclosures when required under subdivision (e)(1)</u>.
>
> \* \* \*
>
> **(e) Supplementation of Disclosures and Responses.** A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:

> <u>(1)</u> A party is under a duty to supplement at appropriate intervals its disclosures under a subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. <u>With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert</u>, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.
>
> * * *

(Emphasis added.)

### E. The TSA Has Not Yet Given its Approval for Southwest to Produce the Balance of the Flight Attendant Manual

Even though Southwest was under no Rule 26 duty to disclose the Manual and plaintiffs have waived any right to obtain the balance of the Manual, Southwest nonetheless has made efforts to produce the balance of the Manual so that this artificial issue will be laid to rest. In order for Southwest to produce the balance of the Manual, it must have permission from the Transportation Security Administration (TSA) due to the TSA's concern that sensitive security information not be disclosed. (Dolter Dec. at ¶9.) Southwest's counsel has made numerous contacts with the TSA asking the TSA for permission to produce the balance of the Manual. To date, the TSA has not yet responded to those requests. (Dolter Dec. at ¶9). Failure to respond to these inquiries is understandable given the recent events in London affecting the safety of global air passengers and new TSA rules for carry-on luggage. The TSA has more urgent priorities than approving production of portions of a flight attendant Manual.

### F. Plaintiffs Have Not Demonstrated Any Prejudice Which is Required for Exclusion of Evidence Under FRCP 37(c)(1)

At the March 17, 2006 *Daubert* hearing, this Court emphasized that in order to obtain exclusion of evidence as a sanction for nondisclosure, the party seeking exclusion must make a showing of prejudice:

> With respect to the matter of defendant's motion to exclude opinions not set forth in the Rule 26 disclosure but set forth during the course of the expert's depositon, as counsel know, **Rule 37 mandates sanctions only when the failure to disclosure is prejudicial to the other party.**

In this case the defendant was made aware of the opinions of the expert during the course of the deposition. There's no argument here that the expert relied on any other documents other than those disclosed in the Rule 26 report.

While the deposition is truly within the Rule 26 opinions, the Court finds that they are – were not unanticipated and that they certainly relatively similar in terms of the subject matter. The defendant was able to ask questions of the expert regarding her opinions at the deposition relying on Paulissen versus United States Life Insurance, 205 F.Supp.2d.

**Clearly, the defendant must show prejudice in this case, and I am going to deny the motion for Rule 37 sanctions for those reasons.**

(*Daubert* Hearing Transcript [Doc. #69] at 2:6-24.)

Plaintiffs have not even attempted to make a showing of prejudice, nor can they. Gaudet's Rule 26 report and her expert binder attached the documents that she reviewed. Her report identified those documents on which she is basing her expert opinions. Neither Gaudet nor Southwest is relying on any sections of the Manual other than those which were produced. There is no conceivable prejudice plaintiffs can demonstrate from a non-existent nondisclosure, particularly when they waived their right to obtain the entire Manual by dropping their motion to compel.

### III. CONCLUSION

It is unclear what relief plaintiffs are seeking in their motion in limine. They are not entitled to any relief on the ground that Southwest did not produce its entire Manual.

DATED: September 27, 2006

KENNEY & MARKOWITZ L.L.P.

By: _____
STEPHEN C. KENNEY
ELIZABETH L. DOLTER
Attorneys for Defendant
SOUTHWEST AIRLINES CO.

# DECLARATION OF ELIZABETH L. DOLTER

I, Elizabeth L. Dolter, declare:

1. I am an attorney at law, duly licensed to practice before all the courts of the State of California and before this Court. I am of counsel with the law offices of Kenney & Markowitz L.L.P., located at 255 California Street, Suite 1300, San Francisco, California, attorneys for defendant Southwest Airlines Co. ("Southwest") in the above mentioned action.

2. The contents of this declaration are true of my own knowledge, and if called as a witness in this action, I could and would competently testify to the matters contained in this declaration.

3. Attached hereto as Exhibit A are true and correct copies of excerpts from the deposition of Paula Gaudet taken on April 26, 2005, in this case.

4. Attached hereto as Exhibit B is a true and correct copy of Southwest's employee expert Paula Gaudet's April 2005 supplemental Rule 26 report in this case, without exhibits. The exhibits are omitted due to their volume. The Gaudet report with exhibits is Southwest's Trial Exhibit J.

5. Attached hereto as Exhibit C is a true and correct copy of the table of contents to Paula Gaudet's expert binder which was attached as Exhibit 5 to Paula Gaudet's April 26, 2005, deposition. Ms. Gaudet's testimony about the table of contents is included in the deposition excerpts attached as Exhibit A to this declaration.

6. Southwest has produced the following sections of its Flight Attendant Manual ("Manual") to the plaintiffs: Section 1 (General), Section 2 (Procedures), Section 3 (Appendix) and Section 5 (Customer Care). Attached hereto as Exhibit D are true and correct copies of the portions of Southwest's Manual that have been produced to the plaintiffs.

7. Attached hereto as Exhibit E is a true and correct copy of a December 5, 2005, letter from plaintiffs' counsel Steven Heller's legal assistant Brenda Gilbert, which advises the Court and Southwest of plaintiffs' unilateral decision to take their motion to compel production of Southwest's Flight Attendant Manual off calendar.

Kenney & Markowitz L.L.P.

{30170.301680 0124758.DOC}   -13-
SOUTHWEST'S OPPOSITION TO PLAINTIFFS' MOTION
TO EXCLUDE TESTIMONY OF PAULA GAUDET
CASE NO. S-03-1444-FCD-EFB

8. Southwest has disclosed all of the portions of the Manual that it intends to offer or rely on at trial. Southwest does not intend to use any portions of its Manual to support its defenses at trial other than those portions already produced to the plaintiffs.

9. Southwest cannot produce its entire Manual without first obtaining the permission of the Transportation Security Administration ("TSA") due to the TSA's concerns over disclosure of any "sensitive security information" in the Manual. I have made several telephone calls to personnel at the Transportation Security Administration ("TSA") to obtain permission to produce to plaintiffs Southwest's entire Manual in effect on April 2, 2002, the date of the laptop bag incident alleged in plaintiffs' complaint. No TSA employee ever answered any of my telephone calls. In each of my telephone calls, I left detailed voicemail messages requesting that the TSA permit Southwest to produce its entire Manual in effect on the date of the incident. I never received any response to my telephone calls to the TSA personnel. No one returned the calls or communicated with me in any way regarding my request for the TSA's permission to produce the entire Manual.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed this 27th day of September 2006 at San Francisco, California.

_____
ELIZABETH L. DOLTER